AO 106 (Rev. 04/10) Application for a Search Warrant

**FILED**
U.S. District Court
District of Kansas

FEB 6 2023

Clerk, U.S. District Court
By_____ Deputy Clerk

# UNITED STATES DISTRICT COURT
for the
District of Kansas

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

INFORMATION ASSOCIATED WITH TEXTNOW ACCOUNT "859-449-5415" THAT IS STORED AT PREMISES CONTROLLED BY TEXTNOW, INC.

Case No. 23-MJ-6032-01-GEB

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
INFORMATION ASSOCIATED WITH TEXTNOW ACCOUNT "859-449-5415" THAT IS STORED AT PREMISES CONTROLLED BY TEXTNOW, INC.

located in the _____Eastern_____ District of _____California_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2251 | Production of Child Pornography |
| 18 U.S.C. § 2252/2252A | Offense relating to the Sexual Exploitation of Children |
| 18 U.S.C. § 2422 | Coercion and Enticement |

The application is based on these facts:

☑ Continued on the attached sheet.
☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Brittany A. Bayles, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 6 Feb 2023 @ 10:09am

_____
Judge's signature

City and state: Wichita, Kansas

Honorable Gwynne E. Birzer, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF:<br><br>INFORMATION ASSOCIATED WITH **TEXTNOW ACCOUNT "859-449-5415"** THAT IS STORED AT PREMISES CONTROLLED BY TEXTNOW, INC. | Case No. 23-6032-01-GEB |

**AFFIDAVIT IN SUPPORT OF APPLICATION
FOR SEARCH WARRANT**

I, Brittany A. Bayles, Special Agent of the Federal Bureau of Investigation, hereinafter referred to as Your Affiant, being duly sworn, do hereby depose and state:

**INTRODUCTION AND AGENT BACKGROUND**

1. Your Affiant makes this affidavit in support of an application for a search warrant for information associated with TextNow account **"859-449-5415"** that is stored at premises owned, maintained, controlled, or operated by TextNow, Inc., a wireless service provider with headquarters located at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require TextNow, Inc. to disclose to the government records and other information, including the content of communications, in its possession pertaining to the subscriber or customer associated with the account annotated in this paragraph.

2. I have been employed as a Special Agent of the FBI since February 2022 and am currently assigned to the FBI Kansas City Division, Wichita Resident Agency. As a Special Agent of the FBI, I am authorized to investigate violations of laws of the United States, and I am

a law enforcement officer with authority to execute arrest and search warrants under the authority of the United States, including violations of Title 18, United States Code §§ 2251, 2252, 2252A, and 2422(b). I have participated in a wide variety of criminal investigations, to include violent crime, crimes against children, human trafficking, major theft, and other federal crimes. I have participated in the preparation and execution of many search warrants, including, but not limited to, those involving the sexual exploitation of minors and certain activities relating to material constituting or containing child pornography.

3.  As will be shown below, there is probable cause to believe that certain Snapchat accounts contain information indicative of being used to receive and possess child pornography, in violation of 18 U.S.C. §§ 2252 and 2252A or used to produce child pornography in violation of 18 U.S.C. § 2251, and to persuade or entice a minor to travel in interstate commerce to engage in criminal sexual activity in violation of 18 U.S.C. § 2422(b). I submit this application and affidavit in support of a search warrant authorizing the search of the TextNow account further described in Attachment A. Located within the accounts/system database to be searched, I seek to seize evidence, fruits, and instrumentalities of the foregoing criminal violations, which relate to the knowing transportation, shipment, receipt, possession, production and distribution of child pornography, as further described in Attachment B.

4.  The information in this affidavit is information known to me as a result of my participation in this investigation or is information that has been communicated to me by other law enforcement investigators and witnesses, involved in this investigation. Since this affidavit is being submitted for the limited purpose of supporting a search warrant, I have not included each and every fact known to me concerning this investigation. Instead, I have

set forth only those facts that I believe are necessary to establish the existence of probable cause to support a search warrant.

## INVESTIGATION/PROBABLE CAUSE

5. On or about November 12, 2022, White County Sheriff's Office (WCSO) was notified of a 14-year-old female juvenile runaway (Minor Victim) from Bald Knob, Arkansas.

6. WCSO pinged the phone known to be in the possession of Minor Victim. The phone pinged to a Shell gas station in El Paso, Arkansas (roughly 40 miles away from Bald Knob).

7. Through further investigation, WCSO located video footage from the Shell gas station showing Minor Victim at that location with an unknown male on November 12, 2022. The male had made a credit card transaction at Shell and through those credit card records, WCSO was able to identify the male as David E. Roark (Roark) as the registered owner of the card/account. A phone number of 1-859-449-5415 (**TARGET ACCOUNT**) was also found to be associated with the card. This number was found to be generated by the TextNow application.

8. Review of credit card transaction history showed that, between November 12, 2022 through December 9, 2022, the credit card had been used at Walmart (2111 N. Amidon Ave., Wichita, Kansas) and Intrust Bank (2005 21st St., Wichita, Kansas). An order that was placed at Walmart with the same credit card was delivered to 1850 N. Litchfield St., Wichita, Kansas. The phone number of 859-449-5415 (**TARGET ACCOUNT**) was associated with the order. Additional review showed transaction on or about November 12, 2022 and November 13, indicated the credit card had been used at Phillips 66 gas station in Belle Plaine, Kansas and Shell gas station in El Paso, Arkansas. These locations are

consistent with roundtrip travel on interstate highways between Wichita, Kansas and El Paso, Arkansas.

9. WCSO obtained subscriber information for the TextNow phone number and discovered an IP address of 68.102.113.34. The IP address was found to be associated with Cox Communications. Cox Communications was contacted and provided subscriber information based on exigent circumstances. The IP address returned to Roger A. Duvall at 1850 N. Litchfield St., Wichita, Kansas.

10. On or about December 14, 2022, the Sedgwick County 911 Dispatch Center was contacted by WCSO requesting assistance by Wichita Police Department for the possible location of the missing female juvenile from Bald Knob, Arkansas.

11. On or about December 14, 2022, surveillance was conducted at 1850 N. Litchfield St., Wichita, Kansas by the Wichita Police Department. Officers observed a male, identified as Roark, leaving the residence and conducted a traffic stop. Roark was detained and transported to the Child Advocacy Center at 1211 S Emporia St., Wichita, Kansas for an interview.

12. On or about December 14, 2022, a search warrant was issued for 1850 N. Litchfield St., Wichita, Kansas and subsequently executed. During the execution of the search warrant, Minor Victim, who was identified as the missing juvenile, was found hidden inside Roark's bedroom closet under a blanket. Minor Victim was transported to the Child Advocacy Center at 1211 S Emporia St., Wichita, Kansas for an interview.

13. During the interview of Minor Victim, she advised she had met Roark, whom she knew as "Ken Eric," on IMVU.[1] The two began chatting in July 2022 and ultimately started dating. The female advised Roark she was 14 years old, and Roark advised he was 16 years old.

14. During the course of dating, Roark requested the female to video chat with him. This occurred approximately 10-20 times. While on video chat, Roark's screen would be blank, and he would request the female to take her clothes off and masturbate while showing him her vagina. Roark also requested the female to send him photographs of her nude breasts, vagina, and full-length nude photographs with her face. The female complied, engaging in the live-stream masturbation and sending the photographs as requested.

15. During conversation, Roark came up with a plan to travel to Arkansas to pick up Minor Victim and bring her back to Kansas. Roark shared this plan with Minor Victim.

16. On or about November 12, 2022, Roark was driven to Bald Knob, Arkansas by a co-worker (later identified as Matisyn Phouthavong) to pick the female up. Upon arrival, Minor Victim observed Roark to be much older than 16 years old. Phouthavong drove Roark and Minor Victim to a Shell gas station in El Paso, Arkansas where Roark advised Minor Victim to throw her phone in the trash can. The three continued their travels and ultimately ended up at Roark's residence of 1850 N. Litchfield St. Wichita, Kansas where Phouthavong dropped them off.

17. Once at the residence, Roark made Minor Victim stay in his bedroom closet during the day when he was at work. Roark told Minor Victim he lived with his grandfather and if he found out she was there, his grandfather would make her leave. Roark provided the female

---

[1] IMVU is an online avatar-based social networking platform that is accessed through the IMVU application on an electronic device. Users of IMVU create their own avatar and can meet, chat and play games with others using the application.

with a blanket, a cup and a bucket to urinate in while he was away. The female was at the residence on or about November 13, 2022 to December 14, 2022. During that time, she was only allowed to go into the bathroom two times to shower. The female was not allowed to leave the residence during the time she was there.

18. During the course of her stay at Roark's residence, Minor Victim advised Roark engaged in sexual intercourse with her every day, sometimes 2-3 times a day. Roark never wore a condom and would ejaculate inside her. Roark shared that he wanted to have a family with her and was trying to get her pregnant.

19. Approximately 3-4 days prior to December 14, 2022, Roark connected a webcam to his television and had sexual intercourse with Minor Victim. Minor Victim advised she could see the two having sex on the television.

20. During the execution of the search warrant, a webcam was found to be connected to a computer tower as well as a television. A Toshiba laptop was also located along with a black Western digital external hard drive, prenatal vitamins, a Spiderman cup, a banana peel, and bed sheets. All items were collected as evidence.

21. On or about December 14, 2022, Roark was interviewed and advised he had met the female in an online simulation game and the characters of the two acted as husband and wife and participated in role play as a stripper and engage in sexual intercourse. Roark then requested an attorney and the interview was ended.

22. On or about December 14, 2022, Roark re-initiated contact with Detectives of the Exploited and Missing Children Unit for an interview. Roark advised he asked Phouthavong to drive him to Arkansas to pick up the female. Roark advised he knew the female would be under 18 years old. Once he and the female got back to Wichita, they had sexual intercourse at

least one time per day. Roark made the female stay in his closet so his roommate wouldn't find her. Roark would go through the phone the female had to make sure she wasn't talking to anyone else.

23. On or about December 14, 2022, Phouthavong was interviewed. She advised Roark asked her to take him to Arkansas to pick up his girlfriend. She knew the female was still in school and asked Roark if it was okay with the female's mom, and Roark advised it was.

24. Phouthavong also showed that, or about November 11, 2022, Roark sent Phouthavong his address via Snapchat, and on or about November 12, 2022, Roark also sent her Minor Victim's address in Arkansas via Snapchat. Phouthavong arrived to pick Roark up at approximately 7:30 a.m. on November 12, 2022. Phouthavong advised she and Roark drove to Arkansas and stopped at several gas stations along the way, the first being the Belle Plaine service station. Phouthavong stated Roark would go into the gas stations and pay for gas when they needed it and the two would take turns paying the tolls in cash.

25. On or about November 12, 2022, Phouthavong and Roark arrived at Minor Victim's address and picked her up. Phouthavong asked the female how old she was, and she stated 18 years old. The female also advised her mother had approved of her leaving with Roark.

26. On or about December 15, 2022, Detective Natalie Daemen received a search warrant for the computer tower that had been located in Roark's bedroom during the execution of the search warrant for the residence of 1850 N. Litchfield St., Wichita, Kansas.

27. Upon conducting a forensic examination of the device, multiple videos were found of Roark engaging in vaginal penetration of Minor Victim on November 13, 2022. Another video was found of Roark engaging in vaginal penetration of Minor Victim on November 15, 2022. Additionally, a video was found of Minor Victim performing oral sex on Roark

and a separate video of Roark engaging in vaginal penetration of Minor Victim on November 21, 2022. A video was also found of Minor Victim performing oral sex on Roark and a separate video of Roark engaging in vaginal penetration of Minor Victim on November 27, 2022.

28. During the search described in paragraph 27, multiple videos and photographs that were sexual in nature of other female minors were located which were received through Snapchat. The username and layout of the videos and photographs reflected the layout of receiving videos and photographs from Snapchat users.

29. Based upon the aforementioned information, the computers of TextNow, Inc., are likely to contain information pertaining to Roark's criminal activities described above, including stored electronic communications and information concerning subscribers and their use of TextNow, such as account access information, transaction information, and other account information, all as further described in Attachment B.

## INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

30. Your Affiant anticipates executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require TextNow, Inc. to disclose to the government copies of the records and other information (including the content of communications) particularly described in Section I of Attachment B, all of which are areas that may contain evidence identifying the user or reveal fruits or evidence of the crimes under investigation. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

## CONCLUSION

31. Based on the foregoing, I request that the Court issue the proposed search warrant.

32. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant. The government will execute this warrant by serving it on TextNow, Inc. Because the warrant will be served on TextNow, Inc., who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

33. This Court has jurisdiction to issue the requested warrant because it is a "court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated 18 U.S.C. § 2711(3)(A)(i).

34. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

## REQUEST FOR SEALING

35. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss and ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

Brittany A. Bayles, Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me in person on this 6th day of February, 2023.

Gwynne E. Birzer
United States Magistrate Judge

## ATTACHMENT A

## Property to Be Searched

TextNow account **859-449-5415**, that is stored at premises controlled by TextNow, Inc., a wireless service provider with headquarters at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

## ATTACHMENT B

### Particular Things to be Seized

**I.  Information to be disclosed by TextNow**

To the extent that the information described in Attachment A is within the possession, custody, or control of TextNow, Inc., regardless of whether such information is located within or outside of the United States, including any messages, records, files, logs, or information that have been deleted but are still available to TextNow, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), TextNow is required to disclose the following information to the government for each user ID listed in Attachment A:

a.  All user identifying information provided to or collected by TextNow during the registration process or at any time thereafter, including usernames, email accounts, phone numbers, device identifiers, internet protocol (IP) logs, location or GPS information;

b.  All internet Protocol (IP) logs, to include registration IP information and historical IP logs for the account;

c.  All communications between TextNow and the user, including communications sent to secondary accounts associated with the user;

d.  All contact lists, address books, friends lists, or other lists of correspondents, including information relating to membership and attempts;

e.  All images or videos associated with the account, including EXIF and other metadata about the images or videos, and video replays;

f.  All messages associated with the account, including direct messaging (DM) logs;

g.  All web history, search history, cookies, web beacons, or pixel tags;

h.  Information about devices used for access;

i. Any records pertaining to the means and source of payment for services (including any credit card or bank account number or digital money transfer account information).

## II.     Information to be seized by the government

The government is authorized to search the information provided under Part I of Section B (above), for all information that constitutes evidence identifying the user or that constitutes fruits, evidence, and/or instrumentalities of violations of 18 U.S.C. § 2252, 2252A, 2251, and 2422(b), including the following items:

a. Any and all information that identifies the user of the account, including but not limited to registration information, associated email accounts, associated phone numbers, IP logs, device identifiers, location or GPS information, associated financial accounts, images or videos of the user, and communications that pertain to the user's identity;

b. Any and all child pornography;

c. Any and all records relating to the production, distribution, receipt, or possession of child pornography, including but not limited to messages, messaging logs, video replays, IP logs, device identifiers, location or GPS information, EXIF data, contacts, and group memberships;

d. Any and all records, including but not limited to chats, contacts, image/video files, call logs, maps, itineraries, and receipts, relating to the use of the account to persuade, induce, entice or coerce a minor to travel to engage in sexual activity;

e. Any and all records indicating an interest in child pornography or the sexual abuse or exploitation of children, including but not limited to messaging, web history, search history;

f. Any and all information pertaining to contacts or "friends" that may be able to identify the user of the account;

g. Any and all information pertaining to contacts, friends, correspondents, or groups associated with the sexual exploitation of children or the production, distribution, receipt, or possession of child pornography;

h. Any and all information that may be helpful in identifying minors being used in, or groomed for, the production of child pornography, including images or videos of clothed, semi-clothed, or nude minors which may be used to identify such minors;

i. Any and all information within the account that helps identify the user of the account or events relating to the crimes under investigation to determine the chronological and geographic context of account access, use, and events relating to the crimes under investigation;

j. Any and all information obtained by TextNow, Inc. using cookies, web beacons, or pixel tags that may help identify who may have participated in the crimes under investigation;

k. Any and all information about the devices used to access the account that may help identify who may have participated in the crimes under investigation or identify additional devices upon which the fruits of the crimes may be located;

l. Any and all EXIF or other metadata about images, documents or correspondence reflecting a sexual interest in children, that may help identify the device or person who produced, sent, traded, received, or possessed child pornography or that may help identify the location of the child depicted, or that may help identify the user of the account used to engage in child exploitative acts;

m. Any and all information concerning communications between individuals about the crime under investigation or the existence of sites on the Internet that contain child pornography or that cater to whose with an interest in child pornography or that is evidence of the crime under investigation;

n. Any and all information concerning membership, or attempts to join, in online groups, clubs, or services that provide or make accessible child pornography to members, and/or that advertise, promote, discuss or otherwise involve child pornography.

TextNow, Inc. is hereby ordered to disclose the above information to the government within **14 DAYS** of issuance of this warrant.

This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the

disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)

I, _____, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct. I am employed by TextNow, Inc., and my title is _____. I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved. I state that the records attached hereto are true duplicates of the original records in the custody of TextNow, Inc. The attached records consist of _____ **[GENERALLY DESCRIBE RECORDS (pages/CDs/megabytes)]**. I further state that:

a. all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of TextNow, Inc., and they were made by TextNow, Inc. as a regular practice; and

b. such records were generated by TextNow, Inc.'s electronic process or system that produces an accurate result, to wit:

1. the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of TextNow, Inc. in a manner to ensure that they are true duplicates of the original records; and

2. the process or system is regularly verified by TextNow, Inc., and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____     _____
Date                                Signature